```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   08/21/2012
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
RUDI GONZALEZ,                      :
                                    :
                        Movant,     :      No. 00 Cr. 54-2 (JFK)
                                    :      No. 11 Civ. 8650 (JFK)
    - against -                     :
                                    :          **Opinion and Order**
UNITED STATES OF AMERICA,           :
                                    :
                        Respondent. :
------------------------------------X

**Appearances**

   Movant Rudi Gonzalez, pro se:

      Rudi Gonzalez, Reg. No. 44733-054
      FCI Allenwood
      Federal Correctional Institution
      P.O. Box 1000
      White Deer, PA 17887

   For Respondent United States of America:

      United States Attorney Preet Bharara

      By:  AUSA Daniel B. Tehrani

      United States Attorney's Office for the Southern
          District of New York
      One Saint Andrew's Plaza
      New York, NY 10007

**John F. Keenan, United States District Judge:**

   Before the Court is Rudi Gonzalez's ("Movant" or "Gonzalez") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Movant's motion is denied.

## I. Background

**A. Movant's Arrest and Guilty Plea**

Gonzalez was arrested on January 14, 2000, when a confidential informant ("CI") working with the Drug Enforcement Agency bought two kilograms of cocaine from Gonzalez and his eventual co-defendant, Victor Jose Coste-Diaz ("Coste-Diaz"). The CI had met with Coste-Diaz on January 5, 2000, to discuss the sale of a quantity of cocaine. Later, on January 13, 2000, the CI met with Coste-Diaz and Gonzalez to arrange for the sale of two kilograms of cocaine at a price of $29,000 per kilogram. The next day, the CI again met with Coste-Diaz and Gonzalez. At this meeting, Gonzalez handed the CI two packages containing white powder. When the CI left to get money in order to consummate the sale, law enforcement officers arrested both Coste-Diaz and Gonzalez. Laboratory analysis later confirmed that each package contained approximately one kilogram of cocaine.

Following his arrest, Gonzalez entered into a cooperation agreement with the Government. In conjunction with this cooperation agreement, Gonzalez pleaded guilty to a Superseding Information ("the Information") on March 20, 2000. The Information charged Gonzalez with: (1) conspiracy to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine and one kilogram and more of

mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 846; (2) distributing and possessing with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A); and (3) distributing and possessing with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A).

**B.   Bail and Subsequent Flight**

After his guilty plea, Gonzalez was released on bail without objection from the Government.  However, in June 2000 the Government learned that Gonzalez had fled the United States, and the Court issued an arrest warrant on June 9, 2000. Gonzalez was found and arrested nine years later in the Dominican Republic by the United States Marshals Service (the "Marshals Service"), at which time Gonzalez waived extradition and was returned to the United States.

**C.   Sentencing**

**1.   The Pre-Sentence Report**

The Probation Office issued a Pre-Sentence Report ("PSR"), which recommended a base offense level of 36.  The PSR also recommended a two-level upward adjustment for obstruction of justice pursuant to section 3C1.1 of the United States

Sentencing Guidelines (the "Sentencing Guidelines") as a result of Movant's flight while he had been released on bail, for a total offense level of 38.  The PSR stated that Gonzalez was not eligible for a downward adjustment for acceptance of responsibility.

Along with Gonzalez's total offense level of 38, his Criminal History Category of I resulted in a sentencing range of 235 to 293 months' imprisonment under the Sentencing Guidelines.  The Probation Office recommended concurrent sentences of 235 months on each count.

### 2. November 2009 Sentencing

The Court sentenced Gonzalez on November 5, 2009.  During sentencing, the Court adopted the PSR's findings without objection from Gonzalez or his counsel. (Sentencing Tr. 2, 9, Dec. 8, 2009, Cr. ECF No. 31 ("[The Court finds] that the total guideline level of 38, as found by the probation department, is the appropriate guideline level.").)  Arguing that he qualified for "safety valve" relief from the statutory mandatory minimum under 18 U.S.C. § 3553(f), Gonzalez requested a below-guidelines sentence.  The Court ruled that Gonzalez did not qualify for safety-valve relief, since his cooperation ended when he absconded.  The Court adopted the PSR Guidelines calculations, which did not include safety-valve relief.  However, the Court

granted a downward variance from the recommended sentencing range and sentenced Gonzalez to concurrent terms of 216 months.

Gonzalez appealed, arguing that the Court wrongly denied his request for safety-valve relief because he had fled the jurisdiction.  Upon the Government's motion, the United States Court of Appeals for the Second Circuit vacated the sentence and remanded for resentencing and further findings relating to Movant's eligibility for safety-valve relief.

### 3.   October 2010 Resentencing

On remand from the Second Circuit, Gonzalez again argued-- and the Government agreed--that he was eligible for safety-valve relief.  The Court ruled that Gonzalez qualified for safety-valve relief under 18 U.S.C. § 3553(f).  Gonzalez did not dispute the two-level enhancement for obstruction of justice, but at the resentencing, for the first time argued he should be entitled to a three-level reduction for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines. Gonzalez based his argument on Application Note 4 to that section ("Application Note 4"), and claimed that eligibility for safety-valve relief constituted "extraordinary circumstances" warranting a reduction for acceptance of responsibility. Gonzalez additionally argued that he was entitled to a reduction for acceptance of responsibility because he had not fought

-5-

extradition from the Dominican Republic and because he had attempted to cooperate with the Government.

The Government objected to Movant's request for a three-point reduction for acceptance of responsibility based on his eligibility for safety-valve relief. In large part due to his absence over a nine-year period, the Court denied Gonzalez's request for a reduction under section 3E1.1. During those nine years, Gonzalez did not contact his attorney, and it was only after his arrest by the Marshals Service that Gonzalez waived extradition. Gonzalez did make recent attempts to cooperate, but these attempts were hindered by the nine years that had passed since he fled to the Dominican Republic. The Court ruled that Gonzalez's eligibility for safety-valve relief did not constitute the "extraordinary circumstances" required by Application Note 4.

During resentencing, the Court included a two-level reduction for safety-valve relief, which resulted in a total offense level of 36 and a sentencing range of 188 to 235 months. Noting that the Court was not obliged to impose a sentence below the mandatory minimum merely because Gonzalez qualified for safety-valve relief, the Court once again sentenced Gonzalez to 216 months on each of the three counts, to run concurrently. The Court entered an amended judgment reflecting its resentencing of Gonzalez.

**D.   Movant's Appeal Following October 2010 Resentencing**

On appeal from the amended judgment, Gonzalez claimed that the Court did not make any explicit findings regarding his entitlement to acceptance of responsibility credit. Gonzalez mainly relied on United States v. Jeffers, 329 F.3d 94 (2d Cir. 2003), for the proposition that where a court finds a downward adjustment inapplicable, it must explain the resolution of any disputed fact on which its finding relies. See United States v. Gonzalez, 440 F. App'x 34, 38 (2d Cir. 2011) (citing Jeffers, 329 F.3d at 102). The Government responded that Gonzalez's arguments were meritless because the Court adequately addressed Gonzalez's arguments.

On November, 15, 2011, the Second Circuit held that this Court "did not abuse its discretion in imposing the sentence that it did," and affirmed the entry of the amended judgment. Gonzalez, 440 F. App'x at 38.

Two weeks after the Second Circuit handed down its ruling, Gonzalez filed the instant motion.

## II.   Discussion

Movant seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts a violation of his right to effective assistance of counsel under the Sixth Amendment to the Constitution of the United States, due to the

failure of his counsel during trial and appeal to object to his sentence as substantively and procedurally unreasonable.

### A. Ineffective Assistance of Counsel and the Strickland Standard

The Sixth Amendment to the Constitution of the United States has been interpreted to require that defendants receive assistance from counsel that is "reasonably effective." Strickland v. Washington, 466 U.S. 668, 687 (1984).  A defendant's failure to receive reasonably effective assistance of counsel can serve as a basis for overturning that defendant's sentence. Morales v. United States, 635 F.3d 39, 42-43 (2d Cir. 2011).

Ineffective assistance of counsel claims to vacate a criminal judgment must satisfy a two-pronged test set forth by the Supreme Court of the United States in Strickland.  The first prong of the Strickland inquiry requires a movant to prove that counsel's performance fell below an objective standard of reasonableness. 466 U.S. at 687-88.  Because counsel may provide effective assistance through any number of ways, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second prong of the Strickland inquiry requires a movant to show prejudice resulting from counsel's deficient

performance; even an unreasonable error by counsel will not provide grounds for vacating a criminal judgment when the error did not affect the outcome. Id. at 691.  To fulfill this second requirement of the Strickland inquiry, a movant must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694.  The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id.

**B.   Application to Movant's Sentencing**

    **1.   Procedural Reasonableness**

Gonzalez first claims that his counsel's performance was constitutionally deficient when his counsel failed to object to his sentence as procedurally unreasonable or to challenge his sentence as procedurally unreasonable on appeal.  Movant alleges that the sentence is procedurally unreasonable because the Court "failed to set forth any reasons for its sentence," because the sentence is based on offense conduct not charged in the Indictment, and because "the sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a)." (Mvt.'s Mem. Supp. 3, 6, Nov. 28, 2011, ECF No. 2.)

Addressing Movant's first point, when the Second Circuit affirmed the judgment as amended in October 2010, it rejected Movant's argument that the Court failed to give any reasons for

the imposed sentence. See Gonzalez, 440 F. App'x at 37–38. When it adopted the recommendations in the PSR, this Court satisfied its duty to make factual findings supporting its determinations. Id. (quoting United States v. Martin, 157 F.3d 46, 50 (2d Cir. 1998)).

Movant's second argument, that "facts stated in a presentence report may not, at sentencing, be deemed to be admission[s] by the defendant sufficient to bypass the Sixth Amendment right to a jury trial," similarly fails. (Mvt.'s Mem. Supp. 6-7.)  In United States v. Booker, the Supreme Court noted that defendants are entitled under the Sixth Amendment to a jury determination as to any fact "that the law makes essential to [the defendant's] punishment." 543 U.S. 220, 232 (2005). However, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Id. at 233.  Here, the Court imposed a sentence below the statutory maximum for the charges to which Movant pleaded guilty. 21 U.S.C. §§ 841(b)(1)(A)(i), (ii), 846 (setting a maximum sentence of life in prison for distribution of one kilogram or more of heroin, or of five kilograms or more of cocaine).  As such, Movant's jury trial right was not violated when the Court imposed sentence based in part on the recommendations in the PSR.

With regard to Movant's argument that his sentence was procedurally unreasonable because the sentence was greater than necessary to accomplish the goals of § 3553(a), this Court explicitly considered the factors set forth in § 3553(a) in determining Movant's sentence. (See Resentencing Tr. 9-10, Dec. 1, 2010, ECF No. 36.) "That the District Court did not parse every sentencing factor individually or address in writing each of defendants' sentencing arguments does not render the ultimate sentence procedurally unreasonable." United States v. Rigas, 583 F.3d 108, 119 (2d Cir. 2009).

For the aforementioned reasons, Movant's sentence is procedurally reasonable. Therefore, counsel's failure to object to Gonzalez's sentence as procedurally unreasonable does not constitute deficient performance. See United States v. Kirsch, 54 F.3d 1062, 1071 (2d Cir. 1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance."). Movant's ineffective assistance claim relying on procedural unreasonableness consequently fails on the first prong of the Strickland inquiry.

**2. Substantive Reasonableness**

Gonzalez additionally argues that his counsel failed to provide adequate counsel because they did not object to his sentence as substantively unreasonable.

The standard of substantive unreasonability "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." Rigas, 583 F.3d at 123. A district court's sentence will only be set aside on substantive grounds "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008). This Court sentenced Gonzalez to a 216-month term of imprisonment, a sentence lying within the properly calculated sentencing range. Although a sentence within the Guidelines range is not presumed reasonable by that fact alone, the Second Circuit has "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27-28 (2d Cir. 2006). This is such a case. Based on Movant's admitted involvement in an extensive illegal drug distribution conspiracy, a sentence of 216 months is not outside "the range of permissible decisions."

Gonzalez's sentence is not substantively unreasonable. Therefore, counsel's failure to object to Movant's sentence as substantively unreasonable does not constitute deficient

performance. See Kirsch, 54 F.3d at 1071. Gonzalez's ineffective assistance claim relying on substantive unreasonableness fails on the first prong of the Strickland inquiry. Furthermore, this Court does not find any additional act or omission on behalf of counsel that would satisfy the Strickland inquiry. Consequently, the Court must deny Movant's request for relief under § 2255.

**C.   Movant's Request for an Evidentiary Hearing**

Gonzalez requests an evidentiary hearing, claiming "there are factual issues raised by the legal claims which can only be resolved by the testimony of the interested parties." (Mvt.'s Mem. Supp. 8.) A court is not required to hold an evidentiary hearing where, "viewing the evidentiary proffers and record in the light most favorable to the petitioner, it is clear that the petitioner has failed to establish a plausible claim of ineffective assistance of counsel." Lake v. United States, 465 F. App'x 33, 35 (2d Cir. 2012) (quoting Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009)). Since Movant's sentence was both procedurally and substantively reasonable, counsel's decision not to object to the sentence cannot be considered ineffective. There being no legal basis for relief under § 2255, Movant's request for an evidentiary hearing is denied.

### III. Conclusion

For the foregoing reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, as Movant has made no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:    New York, New York
           August 21, 2012

                                                   John F. Keenan
                                      United States District Judge